AtkiNSON, Judge,
.delivered the opinion of the court:
Claimant company entered into a contract with the United States on September 12, 1905, to manufacture 60,000 khaki uniform coats for the United States Army, the Government agreeing to supply the cloth therefor, subject to an increase of ÍQ per cent, at 51f cents each. Deliveries of the manufactured coats were to begin 45 days after the receipt of material, patterns, and the acceptance of the lay, and to *551 continue at tbe rate of 5,000 coats per month for the first two months, and 10,000 each month thereafter until the contract was completed. The lay was accepted October 10 of said year, from which date the contract was to begin to run.
Two supplementary agreements were thereafter entered into on February 21 and May 10, 1906, the first of which was for the manufacture of 6,500 coats of certain size, applying on the foregoing contract, for 10 cents extra, and the second was for the manufacture and delivery of 17,000 coats, at 63|- cents each, delivery to begin March 25,1906, and be completed by July 17 of said year. The reason for making these supplementary agreements was because the contractor declined to make coats of different sizes when ordered by the Government, but insisted on making coats of one size until all that were called for by the contract of said size were made before taking up and making coats of other sizes. By the terms of said supplementary agreements, however, the full number of coats to be manufactured and delivered remained at 60,000, the price only of certain specified sizes being increased.
The total number of coats made and delivered to the United States under the original and the two supplemental agreements was 48,308.
As shown by Finding XI, all work was abandoned, under these several contracts by mutual agreement, the amount then due claimant was paid in full, including the 10 per cent that had been withheld by the Government, which it was authorized to do by a provision in the contract; thus accord and satisfaction are shown so far as anticipated profits and • damages are concerned. And yet claimant contends that the contract was breached by the defendants, and thereupon it files a claim for anticipated profits for the sum of $1,607.65 for unmanufactured coats which claimant company said it' stood ready to manufacture under the contract, which coats were then on hand and not taken by the Government, thus denying accord and satisfaction for anticipated profits as contended by defendants and as shown by the findings.
In the meantime another contract, dated January 30,1906, had been made with the claimant company calling for the manufacture and delivery of 20,000 khaki coats at 54f cents *552 each, subject to an. increase of 100 per cent, the coats to be delivered at the rate of 5,000 for the first two months and 10,000 each month thereafter, as hereinbefore stated, and work thereunder was resumed. All of the coats that claimant company had previously manufactured and had on hand were deliveréd and accepted under this latter contract. We therefore must hold that if there was a breach of the original or supplemental contracts by the defendants, it was cured by the agreement of the parties as hereinafter set forth; consequently this item of the petition for recovery of anticipated profits must be dismissed.
In respect of the claim of $252 growing out of the use of an alleged imperfect bellow strap in the pockets of the coats, there can be no allowance. It is true that the Government furnished the pattern, and the same was used in the manufacture of 1,680 coats which were condemned and were required to be done over and adjusted for both appearance and service. Said patterns were of the standard supplied by the department, not only to the claimant but to the various branches of the Quartermaster’s Department that manufactured coats and to other manufacturers for the use of the Army, as shown by Finding XIII. A slight'change in the form of the straps, however, and experience in placing or manipulating them seemed to be all that was necessary in using them successfully and without embarrassment or loss to the manufacturer.
This brings us to a consideration of the claim of $1,017.50 for unliquidated damages growing out of the failure of the . Government to furnish the material in proper quantities to keep claimant’s factory in operation to enable it to comply with its contract. As shown by the findings, delays occurred in the delivery of the cloth to the claimant by the Government, the material not being all delivered until July 23, 1906, which may have interfered with the prompt manufacture of the coats. Nevertheless the closing of the contract by agreement and compromise of the parties, whereby the claimant company was to receive immediate payment of all sums theretofore retained by the Government and was enabled to deliver 3,603 coats at a higher price, which were made for.delivery at a lower price, precludes the claimant *553 company from any additional recovery and absolves the Government from any obligation to further compensate said, company on account of this of any other claim involved herein. We can not otherwise interpret the agreement and understanding of September 6, set out in Finding XI.
It follows from what we have above said that the claimant company is not entitled to recover judgment upon any of the three items for which suit was instituted, and its petition must be accordingly dismissed.
It is so ordered.