## LOVE v. STATE ELECTION BOARD et al.

No. 32619.   May 22, 1946.

*170 P. 2d 191.*

Sam H. May and Carmon C. Harris, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

WELCH, J.   This cause originates on verified petition seeking in mandamus to require the reinstatement of petitioner's notification and declaration of candidacy and the placing of petitioner's name on the ballot for the ensuing primary election as a candidate for the Democratic nomination for the office of State Representative for Legislative District No. 2 of Oklahoma County, Okla.

Petitioner in due time filed his notification and declaration of candidacy, but upon contest the same was stricken upon the theory and for the stated reason that petitioner was not a properly registered voter.

Additional material facts are that petitioner has been for some years, and was prior to his entering the United States Army, a qualified elector and a registered voter in another precinct in Oklahoma City.   He was discharged from the army early in 1946, and soon thereafter purchased a home where he

now resides in Midwest City in the Second Legislative District. There he resided for more than 30 days before the opening of the 1946 candidate filing period.

Thus petitioner had for many years resided in the state and county, and had for several years been a registered Democratic voter, and had for more than 30 days resided in his present home precinct. He had before filing as a candidate taken material preliminary steps, and made substantial effort to complete his transfer of registration. He had not completed same before filing for office, but had fully completed same a day or two later and well before hearing on the contest to his filing.

Petitioner in preparing his notification and declaration had shown himself to be a fully qualified elector and registered in his home precinct. Upon hearing it developed that he had not on the filing date completed his transfer of registration as aforesaid, and that while he was a registered voter therein before hearing on the contest, he was not in fact registered by completed transfer of registration to that precinct on the date he tendered his filing, and his declaration was to that extent erroneous. However, petitioner, being at that time otherwise fully qualified to vote in his home precinct, was in complete good faith in stating that he then was a registered voter in that precinct.

In Swindall v. State Election Board, 168 Okla. 97, 32 P. 2d 691, and in Claude E. Love v. State Election Board, 197 Okla. 157, 170 P. 2d 193, we considered in each case a notification and declaration which was not completely filled in. And in the Claude E. Love Case we considered a prospective candidate who had never been a registered voter. Unlike those cases we here have a notification and declaration which was completely filled in and a registered voter of eight years' standing.

In this case we need not concern our-

selves with the question whether in some circumstance or in any circumstance a candidate might file and run for office in party primary without ever having been a registered voter. Petitioner here contends that he was fully qualified to vote in his home precinct and was in fact and in law a registered Democratic voter, and as such entitled to file and make his race. If that contention is sound, he is entitled to file and run as a registered member of his party.

We have checked all our statutes which in any manner refer to registration of voters, and transfer of registration, and change of party registration (26 O.S. 1941 §§ 71 to 90, inclusive, and § 162, etc.), but whatever requirements for registration are contained in the various statutes, there is no requirement, either express or implied, that a proposed candidate must be registered in his home precinct on the filing date where, as in this case, he has for several years been a registered voter of his party in the same county, and has moved from his registration precinct to his residence precinct in the same county more than 30 days prior to the opening of the filing period.

Since it is shown, and not disputed, that this petitioner has long since been a registered voter in and affiliated with the Democratic party and never in any manner affiliated with any other party, and moved to his home precinct in the same county more than 30 days before the filing period opened and had made some definite start toward procuring transfer of his existing valid registration, we find him fully qualified to file for this nomination. And when upon contest hearing it was shown that all this was confirmed by completed transfer of registration between the filing and the hearing of protest, the protest on this ground should have been denied, for the petitioner was a fully registered voter.

The writ should be granted and the

Election Board directed to place the name of petitioner on the ballot, and it is so ordered.

We observe the provision of the statute, 26 O.S. 1941 § 344 (f), as to the drawing of candidates' names for place or position on a certain portion of the ballots to be printed. That statute requires such drawing to be made on the specific date which has now passed. We assume the drawing was conducted on that date as to the candidates' names at that date remaining on file with the Election Board. This candidate was entitled to have his declaration and notification remain at all times on file, and was entitled to have his name included in the names at such drawing. If his name was not included in the names at such drawing, then the Election Board must reconduct such drawing as to candidates for this office though it be done at a later and other date than that specified in the statute. This, upon the theory that such designation of date is directory, and must be departed from, though as to date only, in order to accord equal rights in such drawing to all legal candidates for the place.

Writ granted.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. CORN, J., concurs for the reasons stated in Claude Love v. State Election Board, decided May 17, 1946, 197 Okla. 157, 170 P. 2d 193.