BUGG v. COUNTY ELECTION BOARD OF POTTAWATOMIE COUNTY et al.

No. 33658. June 8, 1948.

*196 P. 2d 855.*

RILEY, J. (dissenting to order refusing the exercise of original jurisdiction). This is a case where petitioner prays the court to exercise original jurisdiction and grant a writ of mandamus directed to the county election board of Pottawatomie county.

We have a mandatory or compulsory primary election law as required by section 5, art. 3 of the Constitution.

A compulsory primary election law becomes a part of the general election laws of the state, and if such intent is expressed in the statute, candidates of the major political parties can only be officially nominated and have their names printed upon the general election ballots by procuring their nominations in the manner provided by the primary election laws. 18 Am. Jur. 278.

"The necessary effect of a primary law is to give an official character to a primary nominee. Although not strictly speaking a public officer, the law gives such a nominee a certain and definite standing and endows him with at least one valuable privilege or right which he may enforce—namely the right to have his name printed on the official ballot. Until the time of election he is guaranteed, and in fact holds, a recognized legal position, which may be called, for want of a better term, a 'quasi office'." 18 Am. Jur. 287, sec. 157.

The rights of one seeking to become a candidate for nomination under the primary election laws arises under and grows out of such primary election law, and he is entitled to have such rights protected by proper proceedings; for example, mandamus. 18 Am. Jur. 285.

Section 4, art. 3 of the Constitution provides:

"The Legislature shall enact laws creating an election board (not more than a majority of whose members shall be selected from the same political party) . . . ."

The State Election Board (and likewise county election boards) is a part of the Executive Department of the state, charged with the duty of execution of all laws in force in the state relating to the holding of elections. It can exercise neither legislative nor judicial functions except as the same are merely incidental to the administration of its duties as a board of the Executive Department. It is not such a board or commission as may be vested with judicial power. Montgomery v. State Elec. Bd., 27 Okla. 324, 111 P. 447.

If the question of eligibility or qualification of Celestia Robinett to be or become a candidate for county superintendent is a judicial question, petitioner is entitled, in a proper proceeding, to have the question judicially determined. The proper proceeding in such case appears to be mandamus, as evidenced by the many decisions of this court granting or denying writs of mandamus directed to the State Election Board. Love v. State Elec. Bd., 197 Okla. 157, 170 P. 2d 193; Brown v. State Elec. Bd., 197 Okla. 169, 170 P. 2d 200; Love v. State Elec. Bd., 197 Okla. 165, 170 P. 2d 191.

Mandamus, and not injunction, is the proper remedy, since it is a legal and not an equitable right that petitioner claims or asserts. If petitioner can show a clear legal duty of the county

election board to vacate its order to place Celestia Robinett's name on the primary election ballot, then he is entitled to the writ. On the other hand, if such clear legal duty is not made to appear, the writ should be denied. This court should exercise original jurisdiction in order to adjudicate that question.