## STAFFORD v. STATE ELECTION BOARD et al.

No. 34654.　May 16, 1950.

Rehearing Denied May 23, 1950.

*218 P. 2d 617.*

Don Barnes, of Sulphur, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for respondents.

O'NEAL, J. This is an original proceeding in mandamus commenced by Billy Joe Stafford to compel respondents, members of the State Election Board, to place his name on the ballot as a candidate for the Democratic party for the House of Representatives from District No. 2, Garvin county, at the July, 1950, primary election.

Petitioner alleges that he is now and has been for the past several years a legal resident of the precinct in which he now resides in Stratford, Garvin county, Oklahoma; that he was born October 25, 1929; that he is a native born citizen of the United States and of the State of Oklahoma; that he is not a registered voter for the sole reason that he will not be 21 years of age and qualified to register until October 25, 1950; that he is a Democrat and has supported and worked on behalf of the Democratic party, and intends to register as a voter in the precinct in which he resides in Stratford, Oklahoma, as a Democrat as soon as he becomes 21 years of age; that he served as chief page in the House of Representatives during the administration of Governor Robert S. Kerr. By appropriate allegation he denies membership in, or affiliation or connections with the Communist party and the Communist International, and that under the provisions of the Constitution of the State of Oklahoma he will be eligible at the time of the election, November 7, 1950, to hold the office of Member of the House of Representatives, and is now qualified for nomination as a candidate on the Democratic ticket.

Petitioner further alleges:

"Petitioner states that in due time, on April 27, 1950, he filed with the respondents a notification and declaration of his candidacy for the Democratic nomination for Member of the House of Representatives for office No. 2 of Garvin County, Oklahoma, at the July, 1950 primary election."

And that:

"The State Election Board struck and refused to accept Petitioner's filing for the sole reason that he would not be a

qualified elector at the time of the Primary Election."

He then alleges:

"Section 1 of Article 3 of the Oklahoma Constitution, as amended, states that a person to be a qualified elector must be 21 years of age, have resided in the State one year, in the County six months, and in the election precinct thirty days. Petitioner alleges and states that he will meet all of these requirements before the date of the general election."

He then pleads article 5, sec. 17 of the Constitution, which provides:

"Members of the Senate shall be at least twenty-five years of age, and members of the House of Representatives twenty-one years of age at the time of their election. . . ."

He then alleges:

"If Title 26 O.S.A. §162 be construed to require that a person be twenty-one years of age at the time of filing or even at the time of primary election, it is contrary to the aforementioned provision of the Constitution and to that extent is void and ineffective."

There is no dispute as to the facts. The question presented is whether a person, who is not a registered voter and is not eligible to register at the time he files his notification and declaration to become a candidate for nomination as a candidate for a member of the House of Representatives, but will be 21 years of age and eligible before the general election to be held next November and may then be qualified to hold said office, may become a candidate for nomination as a candidate for the political party of his choice. Petitioner concedes that 26 O.S.A. §162 provides that any qualified elector, as defined in the Constitution and the laws of the state, who is a member of the political party and who is and has been affiliated with such legally organized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election upon his filing with the proper officer within the time provided by law a notification and declaration of candidacy. Said section then sets forth the form of said notification and declaration. 26 O. S. 1941 §161 provides that no person shall be allowed to become a candidate in any general election unless he shall have complied fully and completely with the provisions of this chapter.

Attention is called to the fact that the State Constitution, article 3, sec. 5, provides:

"The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for State, District, County, and municipal officers, for all political parties, including United States Senators: Provided, however, this provision shall not exclude the right of the people to place on the ballot by petition any nonpartisan candidate."

Thereunder the Legislature did enact laws providing for a mandatory primary election system for the nomination of candidates.

With reference to said section 5, art. 3, supra, this court has said:

"It is evident from the above-quoted section that the Legislature is given full authority to prescribe a regulatory primary system for the purpose of allowing the voters at such primary to name candidates of the political parties to be presented to the voters at the general election." Munroe v. McNeill, 122 Okla. 297, 255 P. 150.

In the same case the court quotes with approval from Throop on Public Officers, page 82, the following:

" 'The general rule is that the Legislature has full power to prescribe qualifications for holding office, in addition to those prescribed by the Constitution, if any, provided that they are reasonable, and not opposed to the constitutional provisions, or to the spirit of the Constitution.' "

If, under section 5, art. 3 of the Constitution, the Legislature is given full authority to prescribe a regulatory pri-

mary system for the purpose of allowing the voters at such primary to name candidates of the political parties, it must carry with it the power to prescribe who may become a candidate in such primary election, and to prescribe the rules under which one may become a candidate at such primary election. The Legislature has seen fit to provide that only a qualified elector, as defined in the Constitution and laws of the state, may become a candidate at any primary election.

The Constitution, section 1, art. 3, defines "qualified electors" as citizens of the United States and of this state, "who are over the age of 21 years and who have resided in the State one year, in the County six months and in the election precinct 30 days next preceding the election at which such elector offers to vote." There are certain exceptions not here material. By statute an additional requirement, that of registration, has been added, and there are certain exceptions to that requirement not here material. This additional requirement has been upheld. In re Initiative Petition No. 142, 176 Okla. 155, 55 P. 2d 455; Love v. State Election Board, 197 Okla. 157, 170 P. 2d 193.

If the Legislature may require such additional qualifications for an elector, it may also prescribe the qualifications of a person desiring to become a candidate for nomination at the hands of his political party at a primary election. If the requirement of registration is invalid, then a candidate at a primary election need not be a member of the political party at whose hands he seeks the nomination and need not be non-affiliated with the Communist party.

In Glasco v. State Election Board et al., 121 Okla. 119, 248 P. 642, the question of the validity of chapter 35, S. L. 1923, providing for the election of an additional district judge in district No. 14, and also dividing said district into two nominating districts, one to be composed of the counties of Cleveland and McClain, and the other to be composed of the counties of Garvin and Murray, and requiring the candidates for district judge to be residents of such nominating districts, was before the court. The Constitution, sec. 9, art. 7, provides that a district judge shall be a citizen of the United States, and shall have been a resident of the territory embraced within the state for two years and of the territory comprising his district at least one year prior to his election. Although the constitutional provision required only that a district judge shall have been a resident of his district at least one year before his election, it was held that the said constitutional provision did not prohibit the Legislature from dividing the judicial district into two or more nominating districts and requiring the candidates for district judges to be residents of such nominating districts. And again, the statement from Throop on Public Officers, supra, was quoted with approval.

There is nothing in 26 O.S.A. §§161-162 which conflicts with the constitutional provision which provides that a member of the House of Representatives shall be at least 21 years of age at the time of his election. The additional qualification that he must be a qualified elector at the time of filing his notification and declaration to become a candidate in the primary election does not conflict with requirement that he be 21 years of age at the date of his election.

In Glasco v. State Election Board, supra, the court quotes with approval from Mechem on Public Officers, page 22, the following:

" 'Where, however, the Constitution does not prescribe the qualifications, it is the province and the right of the Legislature to declare upon what terms and subject to what conditions the right shall be conferred. And, where the Constitution has made some provision, but not exclusive ones, the Legislature may add such others as are reasonable and proper.' Citing Ohio v. Covington, 29 Ohio St. Rep. 102, and Darrow v. People, 8 Colo. 417."

We are not dealing here with the eligibility of petitioner to hold the office if elected thereto. We agree with the contention of petitioner that the provision of the Constitution that members of the House of Representatives must be at least 21 years of age at the time of their election means at the date of the general election and not the primary election.

The Constitution does not prescribe the qualifications of a candidate in a primary election. Therefore, it was within the province and right of the Legislature to declare upon what terms and subject to what conditions the right to become a candidate before a primary election shall be conferred. The Legislature has exercised that right and petitioner is bound thereby.

Petitioner cites and relies in part upon Gragg v. Dudley, 143 Okla. 281, 289 P. 254. In that case the eligibility of C. S. Storms to become a candidate for nomination for Lieutenant Governor was involved. In that case it was conceded, in fact, stipulated, · that C. S. Storms was and had been for several years a resident and qualified elector of Jefferson county, Oklahoma. Storms' eligibility was questioned on the ground that Storms was then a member of the State Senate and the Constitution forbids the election or appointment, during the term for which he was elected, any member of the Legislature to any office or commission in the state which shall have been created or the emolument for which have been increased during the term of office, and that the salary of the Governor had been increased during the term of Storms as State Senator and the Constitution requires the same qualifications for Lieutenant Governor as for Governor. The eligibility of Storms to become a candidate was upheld on the grounds that a Lieutentant Governor could not be elected, that is, his election is not completed, until the Legislature has met,

canvassed the returns and declared the result, which, of necessity, must be after the date when the State Senator whose office expires during that year has actually expired. Since Storms' term as State Senator would expire fifteen days next succeeding the regular state election, an entirely different question was there involved from the question here before the court.

Petitioner also cites and relies, in part, upon Easter Brown v. State Election Board, 197 Okla. 169, 170 P. 2d 200. Again the facts were different. There Brown had become a resident of the state more than one year, a resident of the county more than six months, and a resident of his precinct more than 30 days before he offered for filing his notification and declaration to become a candidate in the primary election. The State Election Board rejected the notification and declaration for the sole reason that Easter Brown was not a qualified elector in that he was not registered. It was held that the Legislature did not by the enactment of 26 O. S. 1941 §§161-162 intend to prevent a person possessing all the qualifications for office prescribed by the Constitution from becoming a candidate in the primary election because he is not a registered voter in a case where the proposed candidate has been prevented by law from registering before the end of the filing period.

Petitioner shows that he does not possess and cannot possibly acquire the qualifications required by statute to become a candidate before the primary election to be held the first Tuesday in July, 1950. Therefore, the State Election Board properly rejected the notification and declaration.

Writ denied.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.