COUNTY ELECTION BOARD OF COAL COUNTY, State of Oklahoma, and O. L. Grisso, Chairman of said Board, Paul F. Matthews, Secretary of said Board, and J. C. Taylor, Member of said Board, Plaintiffs in Error,

v.

Everett M. ROBINSON, Defendant in Error.

No. 39140.

Supreme Court of Oklahoma.

June 3, 1960.

James H. Mathers, County Atty., Coal County, Coalgate, Carloss Wadlington, Ada, for plaintiffs in error.

Everett M. Robinson, Coalgate, and Ted Foster, Oklahoma City, for defendant in error.

IRWIN, Justice.

Everett M. Robinson of Coalgate, Coal County, Oklahoma, on April 28, 1960, presented to Paul F. Matthews, Secretary of the County Election Board of Coal County, Oklahoma, his notification and declaration as a candidate for nomination on the Democratic ticket for the office of County Attorney of Coal County. The notification and declaration as tendered contained the following statement, "* * * and that I am *(or will be prior to the November, 1960 General Election)*, a registered Democrat (party) voter in Ward 1 Precinct 4, City of Coalgate, County of Coal", and the same was refused by the secretary of the election board. Mandamus action was then instituted in the District Court by Everett M. Robinson, and on the hearing, a peremptory writ of mandamus was issued directing the election board to place the name of Everett M. Robinson on the primary ballot. After motion for new trial was overruled, the Election Board perfected this appeal. The parties will be referred to by their trial court designation.

It is not disputed that plaintiff is an attorney at law, duly licensed as such; that he was a qualified eléctor and a registered voter in Pushmataha County on April 1, 1960; that he moved to Coal County and established a residence there on April 1, 1960; that on or before the next election (primary, July, 1960), he will have been a resident of the precinct in which he is residing for more than thirty days but will not have been a resident of Coal County for more than six months.

The Election Board contends the plaintiff was not a qualified elector in Coal County at the time he tendered the notification and declaration and that he would not become a qualified elector on or before the primary election to be held in July, 1960, and therefore, his name could not be placed on the primary ballot and the election board was

correct in refusing to accept the notification and declaration.

The plaintiff contends he was entitled to register in the precinct in which he was living in Coalgate upon presentation of his registration card from Pushmataha County, with evidence of his residence in Coalgate; that under Title 26 O.S.Supp.1959 § 93.1, he will become a qualified elector by the mere passage of time, on or before the general election in November, and would not only be able to vote in the July primary election but would be a registered voter and qualified elector, entitled to file a notification and declaration as a candidate; that substantial compliance with Title 26 O.S.1951 § 162, is all that is necessary, and his Notification and Declaration are in substantial compliance therewith.

Article III, § 1, of the Constitution provides:

"Qualified electors of this State shall be citizens of the United States, citizens of the State, including persons of Indian descent, (native of the United States), who are over the age of twenty-one years and who have resided in the State one year, in the county six months, and in the election precinct thirty days next preceding the election at which such elector offers to vote. * * *"

Article III, § 5, of the Constitution provides:

"The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for State, District, County, and municipal officers, for all political parties * * *".

The Legislature has enacted laws governing primary elections and Title 26 O.S. 1951 § 162 provides:

"Any qualified elector, as defined in the Constitution and laws of the State of Oklahoma, who is a member of a political party, and who is now and has been affiliated with such legally recognized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon the filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * * *"

Title 26 O.S.Supp.1959 § 93.1 provides that every person who shall possess all the qualifications of an elector shall be entitled to register. It also provides that any person who will become a qualified elector in any precinct before the next ensuing election to be held in the precinct shall also be entitled to register.

Sec. 93.2 of the same title defines the word "election" to mean every general, primary, run off primary, regular or special election.

■ Conceding, but not deciding, that plaintiff will meet the State and precinct residential qualifications of an elector on or before the primary election in July, it does not necessarily follow that he will be a qualified elector in that election. The Constitution provides in addition to residing in the State one year and in the precinct thirty days, a person must reside in the county six months to be a qualified elector. It will be impossible for plaintiff to have resided in Coal County for six months on or before the primary election; therefore, he will not be a qualified elector in the primary election. The question then presented is: Can a person who is not and will not become a qualified elector in a primary election become a candidate for nomination at such election?

In this connection plaintiff contends that under the provision of § 93.1, supra, he will become a qualified elector before the next ensuing election and possess the qualifications of an elector. It is apparent plaintiff is construing the wording "next ensuing election" to be the general election to be held in November. He cites Brown v. State Election Board, 197 Okl. 169, 170 P.2d 200; and Love v. State Election Board (Patterson), 197 Okl. 165, 170 P.2d

191, in support of his contention. These cases do not sustain the plaintiff's position. In each of these cases the party seeking to have his name placed on the ballot was a qualified elector but had not had an opportunity to register prior to the date the filings for office closed, but would be registered between that date and the date of the primary. Sec. 93.2, supra, defines the word "election" to mean every general, primary election. Therefore, the "next ensuing election" is the primary to be held in July.

The case of Stafford v. State Election Board, 203 Okl. 132, 218 P.2d 617, is determinative of this issue. In that case Stafford tendered a filing for the Legislature for the 1950 Democratic Primary. He was born on October 25, 1929, and would not be 21 years of age until October 25, 1950. His filing was refused and he brought mandamus action to compel the State Election Board to place his name on the ballot. In that case we held:

"Under 26 O.S.1941, Sec. 162, only a qualified elector, as defined in the Constitution and laws of the State of Oklahoma, who is a member of a political party, may have his name printed on the official ballot of his party in a primary election."

and in the body of the opinion we said:

"There is no dispute as to the facts. The question presented is whether a person who is not a registered voter and is not eligible to register at the time he files his notification and declaration to become a candidate for nomination as a candidate for a member of the House of Representatives, but will be 21 years of age and eligible before the general election to be held next November and may then be qualified to hold said office may become a candidate for nomination as a candidate for the political party of his choice."

\* \* \* \* \* \*

"Petitioner shows that he does not possess and cannot possibly acquire the qualifications required by statute to become a candidate before the primary election to be held the first Tuesday in July, 1950. Therefore the State Election Board properly rejected the notification and declaration."

 We therefore conclude and hold that only a qualified elector as defined by the Constitution and the laws of the State of Oklahoma, who is qualified or may become qualified elector in the primary election, may become a candidate and have his name printed on the official ballot of his party in a primary election. We further hold that when a notification and declaration of a person shows on its face the declarant does not possess and cannot possibly acquire the qualifications of a qualified elector on or before a primary election, such notification and declaration is insufficient to warrant acceptance thereof by the election board and such person is not entitled to have his name placed upon a primary ballot as a candidate.

Since the Declaration and Notification of plaintiff's candidacy shows on its face that he will not be a qualified elector on or before the primary election and is not entitled to have his name placed upon the primary ballot as a candidate for County Attorney of Coal County, it follows that plaintiff's contention that he has substantially complied with Title 26 O.S.1951 § 162 is without merit.

The cause is therefore reversed and remanded with directions to vacate the judgment granting a peremptory mandamus and to enter an order denying plaintiff the relief sought.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON, and BERRY, JJ., concur.