Argued on defendant's demurrer to alternative writ March 10,
demurrer to alternative writ of mandamus sustained
March 17, 1970

# BRADLEY, *Petitioner, v.* MYERS, *Defendant.*

466 P. 2d 931

*N. Robert Stoll*, Portland, argued the cause for petitioner.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for defendant.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, HOLMAN and TONGUE, Justices.

PERRY, C. J.

This is an original mandamus proceeding by Peggy Bradley to compel Clay Myers, Secretary of State, to place her name on the ballot as a candidate of the Democratic party for State Representative in the May, 1970 primary election.

Petitioner alleges that she has attempted to file with defendant as a candidate for the Democratic nomination for the office of State Representative, Sixth District, West Sub-District, Position No. 3, and

that defendant would not permit her to do so for the sole reason that she had not been "a registered elector, pursuant to ORS 249.221(1)(g), of any major political party in Oregon 180 days prior to such attempted filing" and that she "would not and could not be a registered elector of any major political party before March 17, 1970". Petitioner further alleges that the sole reason why she could not satisfy these requirements was that "the Oregon Constitution, Art II, § 2 requires that a resident of Oregon be 21 years of age before he can become a registered elector in Oregon" and that she "will not be 21 years of age until March 21, 1970".

It is contended by petitioner that "the Oregon Constitution, Art IV, § 8, provides that a person may be a member of the legislature if they are 21 years of age" and that as a result of defendant's action she "is deprived of her pre-existing right guaranteed by the Oregon Constitution, Art IV, § 8, to be a candidate for the nomination of the Democratic party" for that office. She contends, in effect, that she has a constitutional right to run for the legislature as a candidate of the Democratic party and that ORS 249.221 deprives her of that constitutional right.

On the contrary, it is contended by the Attorney General, on behalf of defendant and in support of his demurrer to petitioner's alternative writ of mandamus, that petitioner "errs by confusing eligibility for office with entitlement to the support of a major party nomination".

Two constitutional provisions are pertinent. Oregon Constitution, Art IV, § 8, provides that:

"* * * Senators and Representatives shall be *at least* 21 years of age." (Emphasis supplied.)

Oregon Constitution, Art II, § 8, provides that:

> "The Legislative Assembly shall enact laws * * * prescribing the manner of regulating, and conducting elections * * *."

Petitioner concedes that legislation enacted under this provision may regulate the conduct of not only general elections, but also party primary elections. Indeed, we have previously held that the legislature has power to establish and reasonably regulate primary elections. *Ladd v. Holmes,* 40 Or 167, 187, 66 P 714 (1901).

In 1905 the "Direct Primary Nominating Elections Law" in Oregon was enacted (L. 1905, c. 1). It is significant that among the purposes of that statute, as stated in its preamble, was that:

> "The method of naming candidates for elective public offices by political parties and voluntary political organizations is the best plan yet found for placing before the people the names of qualified and worthy citizens from whom the electors may choose the officers of our government * * * Every political party and every voluntary political organization has the same *right to be protected from the interference of persons who are not identified with it as its known and publicly avowed members,* that the government of the State has *to protect itself from the interference of persons who are not known and registered as its electors.*" (Emphasis supplied.)

Although the original 1905 statute did not include, among provisions to accomplish such purposes, a requirement that a candidate for party nomination must have been a registered voter for that party for a period of 180 days at the time for filing as such a candidate, the statute did require that a candidate

for party nomination must be a registered voter of that party at the time for filing as such a candidate. Under ORS 249.221, however, both of such requirements must be satisfied. In order, however, to assure a fair opportunity for all constitutionally eligible candidates to run for state offices, including the state legislature, the same statute has provided four alternative methods of placing one's name on the general election ballot:

    (1) Nomination by 250 individual electors (petition) ORS 249.710;
    (2) Nomination by Assembly of Electors, ORS 249.710;
    (3) Nomination by minor political party, ORS 249.710;
    (4) Primary election nomination by major political party, ORS 249.020–249.110.

If the petitioner were barred from participation in the general election for an office for which she may be eligible, she might perhaps contend that she had been denied a constitutional "right of access" to the electoral process. The statute which she challenges, however, does not bar her from becoming a candidate for election to the state legislature. She has a "right of access" to the electoral process by any of the first three methods. She complains only that she is ineligible under ORS 249.221(1)(g) to avail herself of the fourth method—nomination by a major political party primary election.

■ As we view it, and as consistent with the purposes of the Direct Primary Nominating Elections Law, as adopted in 1905, it is within the power of the legislature to adopt reasonable requirements designed to assure that the primary ballot will not be burdened with candidates who are not bona fide members of

the party whose nomination they seek and to deny the advantage of party nomination to candidates who are not genuine adherents of that party's philosophy and platform.

■ In our opinion, the requirements of ORS 249.221 that a candidate for nomination by a major political party must 1) be a registered voter of that party at the time of filing for such nomination, and 2) have been so registered for 180 days prior to filing, are reasonable means to preserve the integrity of the party label and to deny its benefits to those who would abuse it, either by filing for office at the last minute under the banner of the most advantageous party, or otherwise.

■ Even if the requirement of party registration for 180 days is not a reasonable requirement with reference to a 20-year-old, we cannot say that it was unreasonable for the legislature, as a means of protecting the integrity of party primary elections, to insist that all candidates for major party nomination must at least be registered voters of that party at the time of filing for such nomination.

■ The fact that, as a result, an occasional 20-year-old candidate may be required to run for office in some other manner, or at some subsequent time, does not render the statute a less reasonable exercise of the legislative duty to regulate political party affairs for the protection of the candidates, the party, and the public. This is particularly true where, as in Oregon, the legislature has provided alternative methods of candidacy.

In support of her petition, it is argued by counsel for petitioner, on the contrary, that as a practical and realistic matter it is necessary for a candidate for the legislature to be a nominee of one of the two

major political parties and that this is demonstrated by the fact that "not in memory" has a candidate for election to the Oregon State Legislature been successful who has not been a member and nominee of a major political party, either Democrat or Republican. Thus, it is argued that the practical effect of ORS 249.221 is to increase the age requirement for members of the Oregon legislature, which the legislature cannot do.

In support of this contention petitioner cites *Smith v. Allwright,* 321 US 649, 64 S Ct 757, 88 L ed 987 (1944); *Terry v. Adams,* 345 US 461, 73 S Ct 809, 97 L ed 1152 (1953) and decisions by other state courts in which, according to petitioner, "it has been recognized that the practical effect * * * of requirements in primary elections for the nomination of major political parties is to impose such requirements in general elections", with the "practical effect of adding to the constitutional qualifications of office and (that such requirements) were therefore invalid."

The difficulty with this argument is that nowhere in petitioner's "Application for Writ of Original Jurisdiction", her "Petition for Alternative Writ of Mandamus", nor in the "Alternative Writ of Mandamus" itself are any facts alleged to support such contentions in this case. Nowhere is it alleged that any of the three alternative methods of becoming a candidate for the legislature would be impractical or ineffective or that in the past they have been so demonstrated. Indeed, past political history in Oregon has demonstrated that candidates have been elected to office as independent candidates and without the benefit of nomination by either major political party.

Both *Smith v. Allwright, supra,* and *Terry v. Adams, supra,* are also to be distinguished on other

grounds in that both decisions involved the right of Negro voters, rather than candidates, and were based upon a denial of the constitutional rights of such voters "on account of race, color or previous condition of servitude", under the Fifteenth Amendment of the Constitution of the United States, and also upon a denial of the rights of such voters under the "equal protection" clause of the Fourteenth Amendment. Neither of these constitutional guarantees are invoked by petitioner in this case.

The cases from state courts cited by petitioner are also not in point. Indeed, in the short time available as a result of the late date on which these proceedings were filed by petitioner in this court, only one case has been found directly in point, the Oklahoma case of *Stafford v. State Election Board,* 203 Okla 132, 218 P2d 617 (1950), a case cited by the Attorney General and involving almost parallel facts and law. In that case, as in this case, petitioner's 21st birthday occurred after the time of filing for the primary election, but before the general election. The court said that a constitutional requirement that state representatives be 21 years of age "at the time of this election" referred to the general, rather than the primary election, but held that a requirement:

"* * * that he must be a qualified elector at the time of filing his notification and declaration to become a candidate in the primary election does not conflict (with the constitutional requirement)." 218 P2d at p 620.

The court went on to hold that:

"* * * it was within the province and right of the Legislature to declare upon what terms and subject to what conditions the right to become a candidate before a primary election shall be con-

ferred. The Legislature has exercised that right and petitioner is bound thereby."

To the same effect, under somewhat different facts, see *Roberts v. Cleveland,* 48 NM 226, 149 P2d 120 (1944), in which the court, while recognizing that:

"Every voter has a right to be a candidate for a public office if he possesses the qualifications required to fill the office." (at p 121)

went on to hold that:

"It does not necessarily follow that he can be the candidate of a particular political party." (at p 121)

and that:

"Various tests of the sincerity and substantiality of declared party affiliations have been employed by the legislatures of other states." (at p 123)

For all of the foregoing reasons, we hold that the demurrer to the alternative writ of mandamus in this case must be sustained.

O'CONNELL, J., dissenting.

If petitioner had reached the age of 21 years on the day she sought to file her petition for nomination rather than on March 21, she would have been entitled to register and file her petition. ORS 249.150 (2).

Under the circumstances of this case, the requirement that she be at least 21 years of age at the time of filing her petition is wholly arbitrary. The requirement does not serve any purpose either in relation to the method of naming candidates by political parties or as a necessary incident in the administration of the election laws. Therefore, it constitutes an unconstitutional impediment upon the petitioner's right to seek office under Article IV, § 8.

I dissent.