**Georgann MARTIN, Max Troub,
Plaintiffs-in-Error,**

v.

**OKLAHOMA CITY, Defendant-in-Error.
No. 44478.**

Supreme Court of Oklahoma.

Oct. 16, 1970.

Bonham, Brogden & Clifton, Oklahoma City, for plaintiff in error Max Troub.

Davis M. Harbour, Oklahoma City, for plaintiff in error Georgann Martin.

Roy H. Semtner, Municipal Counselor, Walter M. Powell, Roland Tague, Asst. Municipal Counselors, for defendants in error.

DAVISON, Justice.

This is an appeal by Max Troub (plaintiff below) and Georgann Martin (intervenor below) from an order of the District Court of Oklahoma County sustaining the motion in abatement of the City of Oklahoma City (defendant below) and dismissing plaintiff's action. We will refer to the parties by their trial court designation or by name.

Plaintiff's petition, in which intervenor joined, alleged that they were residents of the City; that they were not property taxpayers; that the action was brought in their behalf and in behalf of all persons resident within the City; and sought to enjoin the issuance and delivery of certain general obligation bonds approved at an election held within the City on June 9, 1970, pursuant to Art. 10, § 27, of the Oklahoma Constitution. The election and bonds, and the alleged grounds for their invalidity, and the relief sought, are the same as those described and set forth in the original action in this court, styled Beauchamp v. City of Oklahoma City, et al., this day decided and appearing in 477 P.2d 51. In the Beauchamp case we upheld the validity of the election and bonds and refused to issue an injunction. Therefore, if this court were to determine that

the trial court erred in sustaining the motion in abatement and dismissing the cause of action, and plaintiffs in error did have standing to prosecute the suit, then the alleged grounds for the alleged invalidity of the general bond election and the relief sought by plaintiffs in error, being the same as those set forth in the Beauchamp case, supra, are considered and disposed of in the Beauchamp case, supra.

In the present case the plaintiff and intervenor did not allege, and in fact admit, that they are not registered voters in the City. The trial court sustained defendant's motion in abatement on the ground that plaintiff and intervenor were not real parties in interest and were not qualified to represent the class of registered voters.

Art. 10, § 27, Oklahoma Constitution, restricted voting in the election to qualified property tax paying voters in the City.

Art. 3, § 6 of the Oklahoma Constitution, provides that the Legislature may by law provide for the registration of electors in any city, and when it is so provided, no person shall vote at any election unless he shall have registered.

Title 11 O.S.1961, § 65, provides that a "qualified taxpaying voter" of any city as used in § 27 of Art. 10, is defined to be a qualified elector under the Constitution and laws of Oklahoma.

In Love v. State Election Board, 197 Okl. 157, 170 P.2d 193, 197, we held that under Art. 3, § 6, the Legislature may make registration a prerequisite to the right to vote in order to prevent fraud and to protect the purity of the ballot.

And in Loftis v. School Dist. No. 52, of Beckham County, 144 Okl. 281, 290 P. 1101, we said that the matter of requiring registration to vote was left to the discretion of the Legislature, which discretion would not be disturbed unless its acts were so arbitrary and capricious as to offend some provision of the Constitutions of Oklahoma or of the United States.

▬▬ It is our conclusion that the Legislature legally and validly required regis-

tration as a prerequisite to voting in the bond election.

▬▬ Under these circumstances we must conclude that plaintiff and intervenor were primarily not qualified to vote and consequently were not real parties in interest. They were not members of the class of registered voters and could not maintain a class action in behalf of persons who were registered as voters but disqualified because they were not property tax payers.

In Hobbs v. Policy Jury of Morehouse Parish, 49 F.R.D. 176 (W.D.La.1970), the situation was like that in the present case. A party, who was not a registered voter, brought a would-be class action to enjoin issuance of bonds approved at an election in which only "property taxpayers" had the right to vote. The court said that it was axiomatic that one who attempts to sue in behalf of members of a class must be a member of the class he purports to represent, and that the plaintiff, being neither a registered voter nor a property owner, was not a real party in interest and had no standing to prosecute the suit.

The trial court did not err in sustaining the motion in abatement and dismissing the action.

All Justices concur.