JUDGE HARDIN
delivered the opinion oe the court.
This action was prosecuted by the appellant, as trustee of Mrs. Mary A. King, against the Kentucky University 'to recover five hundred dollars subscribed by her, while a resident of Mercer County and an unmarried woman, in aid of the permanent endowment of the university, and which she paid before the passage of “ An act to consolidate Kentucky University and Transylvania University” (1 Sess. Acts, 1865, p. 67); and which contains a provision, in substance and effect, that the university should be bound to refund to citizens of Mercer County the stock subscribed and paid by them for endowing the institution in Mercer County.
The principal ground of defense was that Mrs. King, the beneficial owner of the stock, had ceased to be*a citizen or resident of said county when the act of consolidation was passed, and was not embraced by said provision in favor of the citizens thereof.
It was proved on the trial substantially that before the passage of said act Mrs. King, while residing in Mercer County, intermarried with Dr. B. King, a surgeon in the army of the United States, and had since resided most of the time with him at Alexandria, Virginia, he not being at any time a resident of Kentucky; but that she owned property in Mercer County, which remained in the hands of the plaintiff as her trustee, who resided in that county, and that she had intended to return at some future time to Mercer County to live.
Upon these facts the court instructed the jury, in effect, that the domicile of Mrs. King was controlled by that of her *137 husband, and unless she was a citizen and resident of Mercer County she could not recover in the action; and a verdict and judgment being rendered for the defendant, which the court refused to set aside on a motion for a new trial, the plaintiff has appealed to this court.
According to the manuscript opinion of this court, rendered at 'the Winter Term, 1869-70, in the case of Stagg v. Curators of Kentucky University, the plaintiff was not entitled to recover if it was true that Mrs. King was not “ a citizen ” or, as we interpret the language of the statute, a permanent resident of Mercer County at the time, of the passage of said act; and the court correctly instructed the jury, unless it erred in ruling on the facts proved that the domicile of Mrs. King was controlled by that of her husband. But it is a general rule that the residence of the wife follows that of the husband, and the facts of this case are not such as to make it an exception to the rule. No error is perceived therefore in the instructions of the court; nor does it appear that the verdict of the jury was not sustained by the evidence.
Wherefore the judgment is affirmed.