## Whitaker v. Stephens.

(Decided January 26, 1932.)

W. R. PRATER and A. H. ALLEN for appellant.

J. L. HARRINGTON for appellee.

Opinion of the Court by Judge Richardson—Affirming.

The appellant, E. L. Whitaker, and the appellee, Lillie Stephens, on May 2, 1931, were candidates for the office of school trustee in the common school subdistrict 77, Magoffin county. The officers who held the election made a return of the poll books, and certified the result of the election to the county board of education. The returns of the election showed a tie vote. The appellant instituted an action in the circuit court, wherein, among other grounds of contest, he alleged that Rose Perkins was permitted to vote at the election for the appellee, that her vote was registered and certified by the officers of the election to the county board of education, and the counting of it produced the tie, and that she was not a legal voter, not having resided in the school district sixty days next prior to the election on May 2, 1931, and that therefore her vote should be deducted, thereby electing the appellant trustee of the subdistrict. In the presentation of the case by briefs of the parties to this court, they have confined themselves to the consideration of the vote of Rose Perkins. Therefore all other issues presented by the pleadings will be regarded as waived.

At the time of the election, she was the wife of Riley Perkins. She and Riley were the mother and father of twelve children. About the 1st of July, 1930, Riley Perkins, Rose Perkins, and children were living on Harlan May's place, in Magoffin county, when Riley left home. Rose Perkins used this language in reference to his leaving her, "He just left me to root hog and die, the best I could." After his departure he went to, and lived at, his sister's at Paintsville, Ky., where he engaged in work. While he was gone, Rose Perkins rented land for the

purpose of making a crop, from Sublet Howard whose farm was situated in subdistrict 77. In pursuance to her contract with Howard, on the 2d day of February, 1931, she moved her and her husband's household and kitchen furniture and children to the farm of Howard in subdistrict 77 where she remained during the year 1931, her husband, Riley, returning to her sometime in March, 1931.

In section 1478, Ky. Statutes, it is provided:

> "The place where the family of a married man resides shall generally be considered his residence, unless the family so resides for a temporary purpose. If his family is permanently in one place, and he transacts his business in another, the former shall be his residence."

The appellant insists that this statute and the proven facts established the legal residence of Riley Perkins in the school district in which he himself resided not less than sixty days next prior to the 2d day of May, 1931, and that his domicile or legal residence during that time was the legal residence of his wife, and, he not having resided in subdistrict 77, sixty days next before the date of the election, Rose Perkins was not a legal voter in that subdistrict on the 2nd day of May, 1931. To sustain this contention, he cites McAfee, Trustee v. Kentucky University, 7 Bush 135; Hick v. Hick, 5 Bush 670; Maguire, 7 Dana, 181; Price v. Judd, 169 Ky. 772, 185 S. W. 154. To these cases may be added Dunlop v. Dunlop, 3 Ky. Law Rep. 20; Gooding v. Gooding, 42 S. W. 1123, 19 Ky. Law Rep. 967; Johnson v. Johnson, 12 Bush 487.

The rule deducible from the cases cited is that the domicile of the husband is the domicile of the wife, and she cannot change her domicile without his consent, but she may leave him and change her residence, or he may leave her and she retain or fix her residence, during the period of separation. The facts in this case bring it as to Rose Perkins within the latter exception to the general rule. During the time of the separation of Riley Perkins and Rose Perkins, as shown by her testimony, her residence continued in the school district in which she resided at that time until it was voluntarily changed by her on the 2d day of February, 1931, by her removal to

the one in subdistrict No. 77. The authorities cited by appellant sustain this conclusion. Woods v. Blair, 222 Ky. 201, 300 S. W. 597; Hodges v. Murray, 240 Ky. 127, 41 S. W. (2d) 923.

The judgment of the trial court is in conformity with our views, and it is therefore affirmed.