## BLOUNT *v.* BOARD OF SUPERVISORS OF ELECTIONS OF BALTIMORE CITY

[No. 108, September Term, 1967 (Adv.).]

*Decided per curiam May 30, 1967.*

*Opinion filed July 3, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Paul J. Cockrell* for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

After argument, by per curiam order, we affirmed the order of the Superior Court of Baltimore City, dismissing with prejudice a petition for a Writ of Mandamus directing the appellee, the Board of Supervisors of Elections of Baltimore City, to certify the appellant as a candidate in the election of delegates to the Constitutional Convention. The reasons for our order follow.

The principal issue involved in this appeal is the application and validity, as to the appellant, of the requirement, established by the Legislature in providing for election of delegates to the Constitutional Convention, that such delegates shall have resided in the legislative district from which they seek election "for at least one year next preceding" the election. Laws of Maryland, 1967, Chapter 4, Section 1.

The undisputed facts are that the appellant and petitioner below, Clarence W. Blount, has been a resident of the City of Baltimore for 25 years and a registered voter in the city since 1952. He is currently a vice-principal of Dunbar High School and a Professor of American Government at Morgan State College. For the two and a half years prior to June, 1966, Mr. Blount resided at the Sutton Place Apartments in the Second Legislative District of Baltimore City. On June 27, 1966, the appellant took up a new residence at 3410 Copley Road in Baltimore's Fifth Legislative District. Three days earlier, on June 24, 1966, he had changed his voter registration to reflect his new Fifth District residence. Mr. Blount has continued to and still resides on Copley Road. On April 17, 1967, by means of registered letters to the appellee Board, Mr. Blount sought to file as a candidate, in the June 13, 1967 election for delegates to the Constitutional Convention, from both the Second and Fifth Legislative Districts of Baltimore City. The Board, on April 20, 1967, de-

clared that Mr. Blount was not a qualified candidate since he failed to meet the one year residency requirement in either of the two districts from which he sought election. On May 1, 1967, the appellant petitioned the Superior Court of Baltimore City for a Writ of Mandamus, compelling the Board to qualify his candidacy in the Second District, or, in the alternative, to qualify his candidacy in the Fifth District, or to require an at-large election of all Convention candidates in Baltimore City and to certify the appellant as a candidate in such election. The dismissal of the petition precipitated this appeal. We advanced the case for argument so that it could be decided before the June 13, 1967 election day.

The residency requirement prescribed by the Legislature, on which the present controversy centers, reads as follows:

> "Any person shall be eligible to be a delegate to the Constitutional Convention, who, at the time of his election as a delegate, is at least twenty-one years of age, is a citizen of the State of Maryland, has resided in the State for at least three years next preceding his election, and has resided in the county or the legislative district or subdistrict of the county or of the City of Baltimore from which he seeks election for a [sic] least one year next preceding his election." Laws of Maryland, 1967, Chapter 4, Section 1.

As the lower court found, the language of the statute is clear and under it Mr. Blount did not meet the district residency requirement. He was not a resident of the Second District at the time of filing and has lived in the Fifth District, the district of his present residence, for about 10 days short of the prescribed one year period.

Nevertheless, it is contended that the appellant's candidacy should have been certified from the Second District, on the ground that residence is, for election purposes, maintained in the former district of residence until it attaches in the new, and that it does not become effective in the new district until the passage of a full year. As authority for this theory, appellant cites *Kemp v. Owens*, 76 Md. 235 (1892), a voter registration case in which the plaintiff moved from one ward to another and

was allowed to vote in his new ward since both wards were within the same legislative district. Appellant also seeks to apply to candidates the principle embodied in Article 1, Section 1 of the Maryland Constitution which provides that when a voter moves from one election district to another, he "shall be entitled to vote in the election district from which he removed, until he shall have acquired a residence in the part of the county, or city, to which he has removed." [1]

The short answer to this argument is that there is no principle of law which compels the Legislature to establish like qualifications for voters and candidates. The Maryland Constitution imposes more stringent residency requirements on candidates for Governor, the House of Delegates and even for Sheriff, than for voters. Maryland Constitution, Articles II, III and IV, Sections 5, 9 and 44, respectively. See *Crosse v. Board*

---

1. There are holdings in other jurisdictions that, absent a constitutional or statutory provision to the contrary, if a voter moves from one election district to another too near election day to permit him to meet a residency requirement, he can vote in neither district. Kreitz v. Behrensmeyer, 125 Ill. 141, 195, 17 N. E. 232 (1888); Woods v. Blair, 222 Ky. 201, 203, 300 S. W. 597 (1927); Nelson v. Gass, 27 N. D. 357, 375, 146 N. W. 537 (1914).

In Stothers v. Martini, 6 N. J. 560, 79 A. 2d 857 (1951), it was argued, as in the present case, that a voter qualification provision in the New Jersey Constitution—providing that a person who has been a state resident for one year and a resident of the county in which he claimed the right to vote for five months, could vote in all elections—should be applicable to the qualification of candidates for city commissioner also and that the statute requiring two years of residence for candidates for that office was in conflict with the constitutional provision and therefore invalid. This argument was rejected by Chief Justice Vanderbilt, for the court. He said:

"We do not construe this, as the plaintiffs do, to mean that the right to vote and the right to hold office are co-extensive * * * Elsewhere in the Constitution itself qualifications are established for the office of Governor * * * and members of the Senate and Assembly * * * A person not so qualified is not entitled to hold or be elected to these offices and the electors have no right to vote for him, for it would be absurd to say that there was a right to vote for one who could not serve." 6 N. J. at 565-66, 79 A. 2d at 859.

*of Supervisors of Elections of Baltimore City,* 243 Md. 555, 221 A. 2d 431 (1966). The state legislature has the power to prescribe qualifications for candidates, provided such qualifications do not conflict with the constitution and are reasonable. *Kenneweg v. County Comm'rs of Allegany County,* 102 Md. 119, 62 Atl. 249 (1905). See also *Dixon v. Board of Supervisors of Elections of Baltimore City,* 244 Md. 48, 222 A. 2d 371 (1966); *Shub v. Simpson,* 196 Md. 177, 76 A. 2d 332, *appeal dismissed,* 340 U. S. 881 (1950); *Rasin v. Leaverton,* 181 Md. 91, 28 A. 2d 612 (1942). Decisions in other jurisdictions are to the same effect. *People ex rel. Hoyne v. McCormick,* 261 Ill. 413, 103 N. E. 1053 (1913); *Riter v. Douglass,* 32 Nev. 400, 109 Pac. 444 (1910); *Stothers v. Martini,* 6 N. J. 560, 79 A. 2d 857 (1951); *Roberts v. Cleveland,* 48 N. M. 226, 149 P. 2d 120 (1944); *Stafford v. State Election Bd.,* 203 Okla. 132, 218 P. 2d 617 (1950); *State ex rel. Brewer v. Wilson,* 150 S. E. 2d 592 (W. Va. 1966).

The general power of the Legislature to provide the mechanics for the holding of a Constitutional Convention was recently upheld by this Court. *Board of Supervisors of Elections v. Attorney General,* 246 Md. 417, 229 A. 2d 388 (1967). The Constitution is silent on the residency qualification herein involved and the appellant has pointed to no conflict between the Constitution and the residency qualification. The inquiry, therefore, becomes simply whether the qualification is reasonable. In our judgment, it is evident that the residency requirement is a reasonable one. In *Stothers v. Martini, supra,* a two year residency requirement for candidates for city commissioner was challenged as unreasonable. There the petitioner sought to compel election authorities to accept his candidacy although he had not been a resident of the municipality for two years immediately preceding the election. The court found the residency requirement well within the power of the Legislature and reasonable.

Appellant argues that, if he cannot qualify as a candidate from the Second District, he should be allowed to run in the Fifth District where he presently resides. This contention is predicated on the hypothesis that the districts established for the Constitutional Convention election are not legislative dis-

tricts but are in fact special Constitutional Convention Districts which were not established until March 24, 1967, the effective date of the legislation providing the mechanics for the Convention. Therefore, the appellant contends, the districts will not have been established for one year by June 13, 1967, and the residency requirement is inapplicable. This argument ignores the realities of the situation. The election districts in question, with their present boundaries, have existed as legislative districts since May 23, 1966. *Dixon v. Board of Supervisors of Elections, supra.* That these same districts are to be used for Constitutional Convention purposes does not alter this basic fact. By the plain language of the statute, that "the laws of this State relating to elections for members of the House of Delegates shall govern and apply to the election of the delegates to the Convention" (Laws of Maryland, 1967, Article 1, Section 19), the Legislature utilized the existing districts for purposes of administering the residency requirement. In *Dixon,* we held that a candidate for the Democratic nomination for the House of Delegates from the Fourth Legislative District of Baltimore City was not required to meet the one year residency requirement of Article III, Section 9 of the Maryland Constitution, applicable to candidates for the Senate or House of Delegates, because the district in question had not been established for one year prior to the date of the election. The Court held that, under such circumstances, it was necessary that a candidate reside in the Fourth District only at the time that qualifications for candidacy were determined. In *Dixon,* there was no question of superimposing a new district upon the boundaries of an existing district, as is the situation in the instant case. The new district in *Dixon,* a creature of re-apportionment, differed in essential respects from the former district and to enforce a residency requirement on the basis of the boundaries of the former district—which was the obvious alternative to the Court's holding—would have defeated the purpose of the residency requirement.

In the event that candidacy is ruled out in both the Second and Fifth Districts, appellant contends that he should be allowed, in view of the fact that he has been a resident of Baltimore since at least 1952, to run in an at-large election in the

city. He argues such an election is the only procedure which would avoid an abridgment of his constitutional rights under Article 1, Section 1, of the Maryland Constitution and the Fourteenth Amendment to the Federal Constitution. As has already been noted, the Maryland Constitution does not require that qualifications for voters and candidates be the same, nor does the Federal Constitution prohibit the imposition by a state of reasonable qualifications for aspirants to elective office. We have found that the residency qualification in the present case is reasonable. *Gomillion v. Lightfoot,* 364 U. S. 339 (1960), cited by the appellant, prohibits state manipulation of its political subdivisions to defeat a federally protected right. Here, clearly, there was no such manipulation. The appellant himself defeated his own candidacy by an untimely change of residence.

At the oral argument, the appellant contended that the Act providing for the holding of the Constitutional Convention in 1967 was unconstitutional, because, under the Maryland Constitution, the Convention could not be held prior to 1970, and because the Act gave each district in Baltimore City only the same number of delegates which it was entitled to elect to the House of Delegates, with no similar equivalent for the number of State Senators to which it was entitled. These contentions were not made or passed upon in the court below or raised in the appellant's brief, and therefore are not properly before us. Maryland Rule 885. In any event, the first contention was expressly decided, adversely to the appellant's argument, in *Board of Supervisors of Elections v. Attorney General, supra,* and the second contention is clearly without merit. There is nothing in the reapportionment decisions, federal or state, which precludes the use of the number of the delegates to which a district is entitled in the State House of Delegates as the basis for the number which the district is to elect to a Constitutional Convention, when, as here, the reapportionment of the House of Delegates has been held fair and valid. All of the delegates to the Convention, throughout the State, are to be elected on the same basis, and no constitutional requirement is violated because the number of delegates is fixed without reference to the number of State Senators to which any district is entitled.

We agree with the court below that it is regrettable that a

350

citizen of Mr. Blount's character and ability was unable to be presented to the voters on June 13. However, the requirement for qualification which he could not meet is reasonable and uniformly applicable to others similarly situated. Any attempt by the Court to alter it would be a clear usurpation of the legislative function.