**STEPHENS et al. v. STATE ex rel. GOLDS-BERRY.**

No. 15710—Opinion Filed Sept. 15, 1925.

1. Pardon—Effect.

A full and complete pardon granted after conviction removes all penalties and legal disabilities, and restores the defendant to all his civil rights. 20 R. C. L. 557, section 41.

2. Same—Invalid Forfeiture of Supersedeas Bond After Pardon.

A forfeiture taken on a supersedeas bond after a full and complete pardon has been granted is void, and no action can be based upon same against the principal and his sureties.

(Syllabus by Jones, C.)

Commissioners' Opinion Division No. 3.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by the State ex rel. Goldsberry, County Attorney of Tulsa County, Okla., against R. L. Stephens et al. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

J. P. Evers, for plaintiffs in error.

John M. Goldsberry, Co. Atty., and James Harrington, Asst. Co. Atty., for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Tulsa county by the defendant in error, as plaintiff, against plaintiffs in error, as defendants, to recover the sum of $5,000 on a certain supersedeas bond for that amount, executed by R. L. Stephens, as principal, and M. A. Harrison and J. H. Berry, as sureties. The principal, Stephens, had been convicted on a charge of larceny and the bond sued on is the ordinary supersedeas bond given on appeal to the Criminal Court of Appeals. Defendants, appellants here, set up a number of defenses, but the only one which we deem it necessary to consider is the one wherein they aver that a full and complete pardon had been issued by the Governor of the state of Oklahoma on the 15th day of October, 1923, prior to the forfeiture taken on the supersedeas bond herein sued upon, to wit, on the 16th day of October, 1923.

On the trial of the case before the court without the intervention of a jury, plaintiff interposed a motion for judgment on the pleadings upon the theory that the defendants' answer set up no valid defense, which motion was sustained by the court and judgment rendered for the plaintiff and against the defendants for the amount sued for. The judgment of the trial court was evidently based upon the theory that the judgment of forfeiture, which is the basis of this suit, was a valid judgment, and no appeal having been taken from it, and same having become final, defendants will not be heard to attack same at this time. With this conclusion we do not agree. There is no dispute as to the facts. The appellant, Stephens, the principal on the bond, was granted a full and complete pardon by the Governor, duly attested by the Secretary of State, which took effect immediately, to wit, on the 15th day of October, 1923, and

the forfeiture of the bond relied on was declared or taken on the 16th day of October, 1923. at a time when the pardon was in full force and effect, and so far as the record discloses, without issuance of bench warrant or notice of any character to the principal or his sureties. There was no judgment in existence at that time which required the appearance, or any response under the terms and conditions of the supersedeas bond, on the part of the appellant, Stephens, principal in said supersedeas bond, and his bondsmen had no power or authority to arrest him or require his attendance on the court. The only object of bonds of this character is to insure the presence of the defendant in court at such time as it may become necessary and proper for him to appear under the terms and conditions of the bond and the direction of the court, and to submit to and perform the judgment rendered, if affirmed by the Criminal Court of Appeals. The pardon completely destroys the effect of the judgment in so far as submission to same by the defendant is concerned, and deprives the trial court of any jurisdiction to enforce its judgment. "Obliterates 'n legal contemplation the offense itself; and hence its effect is to make the offender a new man." Ex parte Crump, 10 Okla. Cr. 133. The only justification for forfeiture of a bond of this character is the failure on the part of the defendant to appear in court and submit to the judgment at a time when the court has a right to require his presence, and when there is some necessity for his presence, but the effect of the pardon necessarily does away with any necessity for his appearance, and also deprives the court of any jurisdiction to require the presence of the defendant for the purpose of submitting to the judgment of the court, which has been set aside by the pardon.

We therefore hold that the judgment of forfeiture rendered on the 16th day of October, 1923, was absolutely void, and of no force or effect, and may be attacked in any manner and at any time, and that the judgment of the trial court should be reversed and the case remanded, and the trial court directed to dismiss plaintiff's cause.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 1566, 1567; anno. 47 L. R. A. (N. S.) 206; 20 R. C. L. p. 557. (2) 29 Cyc. p. 1567.