OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Appellant,

v.

Jean A. SEELY d/b/a Seely Retail Package Store, Appellee.

No. 53345.

Supreme Court of Oklahoma.

Dec. 16, 1980.

---

Jan Eric Cartwright, Atty. Gen. of Okl., Duane N. Rasmussen, Asst. Atty. Gen., Oklahoma City, for appellant.

Carol J. Russo, Tulsa, for appellee.

HARGRAVE, Justice.

In August, 1973, Jean A. Seely, the appellee, was granted a package store license to operate Seely's Retail Package Store. On June 13, 1978, a letter was issued by Charles Beaver, Chief Enforcement Officer for Richard A. Crisp, Director of the Oklahoma Alcoholic Beverage Control Board (Board), to the appellee which indicated a contemplated denial of her application to

renew her license.[1] In response to the appellee's request, a hearing was held on July 13, 1978, which resulted in a finding by Director Crisp that the appellee was not entitled to a renewal of her license. This decision was appealed to the Board en banc which, on September 14, 1978, upheld the Director's ruling. Both decisions were based on the finding that since the appellee's husband, Bill Seely, had been convicted in August, 1976 of the crime of possession of a stolen automobile, a felony, the appellee was barred from obtaining a renewal of her license by the language found in 37 O.S.1971 § 527(a)(3).

Title 37, Section 527(a)(3) provides in pertinent part:

> The Board shall refuse to issue a . . . package store license either on an original application or a renewal application, if it has reasonable grounds to believe and finds any of the following to be true:
>
> . . . . .
>
> (3) That the applicant or any partner, or spouse of the applicant or any partner, has been convicted of a felony.

Pursuant to the provisions of the Oklahoma Administrative Procedures Act, 75 O.S. 1971 §§ 301–327, the appellee perfected an appeal for judicial review of the Board's decision to the District Court of Nowata County, Oklahoma. The appellee maintained that the Board exceeded its statutory authority in violation of her constitutional rights by holding her responsible for the acts of her spouse of which she had no knowledge and by disregarding the fact that the appellee's spouse did not participate in the operation or management of the package store.

The District Court, in setting aside the Board's order, found on January 18, 1979, that the Board failed to show "a willful violation of a prohibited act or at a minimum, a knowledge of the commission of the willful violation of the prohibited act on the part of the licensee" and directed the Board to grant the renewal license. Thereupon, the Board perfected an appeal to this Court

contending that the operation of a liquor-related business is a privilege granted by the State; that the State has broad inherent power to control all the liquor traffic within its boundaries; that Title 37, Section 527(a)(3) is constitutional; and that a willful or knowing violation of the law is not the sole basis for the proper denial of an application to renew a retail package store license.

 This Court does not disagree with the Board's first broad contention that conducting a liquor-related business is a privilege granted by the State. In *Brown Distributing Co. v. Oklahoma Alcoholic Beverage Control Board,* 597 P.2d 324 (Okl.1979), this Court stated that "[n]o one has an absolute or inherent right to a license to sell intoxicating liquor and its issuance is a matter, not of right but, of legislative grace and may be extended, limited, or denied without violating any constitutional right." *Id.* at 326. The Court added further that the "legislature, subject to constitutional restrictions, may lawfully grant the right to engage in the traffic of liquor to a certain class or classes of persons and withhold it from others, and no one may complain because liquor legislation has denied him the privilege of engaging in the liquor traffic." *Id.* Statutory authority for such language was found in 37 O.S.1971 § 532 which states that "[a]ny license issued under [the Oklahoma Alcoholic Beverage Control] Act shall be a purely personal privilege." However, despite the rights-privilege distinction, which has been disputed by other jurisdictions, both state and federal, this Court is of the opinion that merely calling a liquor license a privilege does not free the state agencies from due process requirements in licensing. The distinction merely affords an opportunity to determine the extent and amount of the requirements afforded by due process.

 Furthermore, this Court does not dispute the Board's second proposition that the State has broad inherent power to control all liquor traffic within its boundaries.

1. The license issued in 1973 was to expire on June 30, 1978.

It has been recognized in Oklahoma "that the liquor industry because of the very nature of its product requires strict control and close supervision [and] [a]s a result, the Legislature by virtue of the police power of the State possesses broad powers to regulate and supervise all phases of traffic in intoxicating liquors." *State v. Parham, 412 P.2d 142, 147 (Okl.1966).* However it should also be recognized that in the licensing procedure considerations of fundamental fairness and justice comporting with due process should be evident even though this is a business which is subject to a high degree of supervision and regulation in the interest of the public welfare.

█ Finally, this Court agrees with the Board's third contention that Title 37, Section 527(a)(3) is facially constitutional. Article 27, Section 3 of the Oklahoma Constitution requires that "[t]he Legislature shall enact laws providing for the strict regulation, control, licensing and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage...." Therefore, there is no argument but that the Legislature was constitutionally authorized to enact Title 37, Section 527.

█ It is at this point, however, where the agreement with the Board's argument stops. The Board has argued that since Article 27, Section 10(d) of the Oklahoma Constitution expressly prohibits the issuance of a license to a person convicted of a felony in all cases save one[2] not relevant here, Section 527(a)(3) correspondingly prohibits the issuance of a license to the spouse of a person convicted of a felony in all cases. The intent expressed in Section 10(d) as adopted by election in April, 1959 was to prevent convicted felons from exerting any influence or control over the sale of alcoholic beverages. This same intent can be found on the part of the legislature in enacting Section 527(a)(3). Therefore the Board's argument that Section 527(a)(3)

prevents the issuance of licenses to spouses of convicted felons must fail in such a case as presented here where the facts disclose no thwarting of this legislative intent expressed in Section 527(a)(3).

Testimony at the appellee's hearing was introduced to show that the appellee had operated without incident or complaint Seely's Retail Package Store as sole proprietor from August, 1973, the date of the initial issuance of her license, to July, 1978, the time of the requested hearing. It was also shown that the appellee's husband was involved on a full time basis in cattle ranching and that he had taken no part in the operation or management of the package store since March, 1974.[3] It was further established that the appellee's husband had no authority to withdraw from or to make deposits to the business's checking account. Mr. Seely's participation at most in the affairs of his wife's business was to accompany her home at night when she was carrying the business's receipts.

█ Further, uncontroverted testimony was introduced which established that the appellee did not have any knowledge of, or participation in, the crime for which her husband was convicted. The District Court held that the failure by the Board to show a willful violation of a prohibited act or at a minimum, a knowledge of the commission of the willful violation of the prohibited act on the part of the licensee prevented the Board from denying the appellee's renewal application on the basis of Section 527(a)(3). Despite the Board's argument that willfulness or knowledge are not factors to be considered when reviewing a license denial since the person denied the license falls within a class of persons statutorily deprived of that privilege, this Court agrees with the holding of the District Court. While the presence or absence of these two factors alone is not enough to warrant the issuance or denial of a license, these factors coupled with the unrefuted evidence

**2.** Article 27, Section 10(d) prohibits the issuance of licenses to persons convicted of a felony, "except those persons who have held said stamp on a military reservation or installation."

**3.** The appellee testified that in October, 1973, and February, 1974, her husband had helped operate the store since during those times she had suffered heart attacks.

presented in this case which clearly shows that the appellee's spouse exerted no control over the operation or management of the package store lead to a conclusion that in this case the legislative intent expressed in Title 37, Section 527(a)(3) would not be frustrated by the issuance of a license upon a renewal application to the appellee.

Therefore, although it is firmly established that the State has the right to regulate or prohibit the traffic of intoxicating liquor in the valid exercise of its police power and that the licensee has no vested right to the renewal of her license, the licensee does have a right to fair treatment when the Board considers her application for the renewal of her license. Based on the appellee's lack of knowledge of her husband's activities and on the appellee's husband's lack of participation in the operation of the retail package store as shown in this case, we AFFIRM the holding of the District Court.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS and DOOLIN, JJ., concur.

OPALA, J., concurs in result.

OPALA, Justice, concurring in result:

At stake here is Mrs. Seely's claim to a renewal of her retail liquor license. The court's opinion affirms the district court decision in her favor. While I join in the court's judgment, I cannot concur in its pronouncement.

The Oklahoma Alcoholic Beverage Control Board (agency) found Mrs. Seely legally ineligible to hold a license because of her husband's felony conviction.[1] The agency ruling plainly rests on the express terms of 37 O.S.1971 § 527(a)(3). The cited statute provides that a liquor license may not issue to, or be held by, one whose "spouse . . . has

been convicted of a felony."[2] In its order setting aside the agency decision the district court found that there was no proof of "a willful violation of a prohibited act or at a minimum, a knowledge of the commission of the willful violation of the prohibited act on the part of the licensee." Much like the trial judge, this court prefers not to pass on the constitutional validity of Mrs. Seely's legislatively imposed disqualification but categorically refuses to give full obedience to the letter of the statute. The court seems to reject the notion that the clear and unequivocal command of § 527(a)(3) makes Mrs. Seely *per se* ineligible to hold a license. Its holding in her favor is sought to be ascribed to the agency's failure of sustaining what must be divined as an extra–statutory *onus. The burden cast on the agency by today's opinion requires proof of more than the statute contemplates.* It calls for a showing of some rational connection between the spouse's felony conviction and a licensee's alleged want of present fitness. The court appears to suggest the necessary *nexus* could have been supplied here by evidence to the effect that (a) she knew of her husband's felonious activity and (b) he was participating in the operations of her retail liquor business.

I find *no* legal warrant for watering down the *per se* disqualification provision in § 527(a)(3) by judicial construction which would superimpose a statutorily unexpressed requirement that there be some rational connection between the spouse's conviction and a licensee's lack of fitness. If the clear command of § 527(a)(3) is in fact constitutional, *our duty must be to obey it to the letter and to hold this licensee disqualified.*[3] It is only upon a pronouncement of statutory invalidity that we may set ourselves free to relieve Mrs. Seely from her legislatively imposed disability to hold a license. I divine *no* tenable ground for

---

1. The felonious act of the husband–possession of a stolen automobile–was admittedly unrelated to the wife's liquor store operations.

2. The pertinent provisions of § 527(a)(3) are: "The Board shall refuse to issue a . . . package store license either on an original application or a renewal application, if it has reasonable grounds to believe and finds any of the following to be true:

\* \* \* \* \* \*

(3) That the applicant or any partner, *or spouse of the applicant* or any partner, has been convicted of a felony." [Emphasis added].

3. "Courts do not concern themselves with the merits, wisdom or advisability of legislative en-

bypassing the constitutional issue that is squarely before us. It was clearly raised below. While its contours are now somewhat eclipsed by the circuitous rhetoric of appellate advocacy, this court is never chained to the exact theory on which the case was presented to the trial court when it is resolving purely public–law issues.[4]

The question to be answered here is whether the spousal–felony–conviction disqualification in § 527(a)(3) constitutes a bill of attainder prohibited by Art. 1 § 10, U.S. Const. and by Art. 2 § 15, Okl.Con. I would hold that it does.

So far as the provision here in question affects Mrs. Seely, § 527(a)(3) is *not a statute* but rather a *legislative sentence* condemning her complicity in her husband's felonious conduct and her involvement in his criminal activity. It is a legislatively expressed predetermination–in most conclusive terms–of her unfitness as a liquor license holder. Her exclusion results not from her own conduct–past or present–but is predicated solely on the conviction of another.

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the enactment is termed a bill of pains and penalties.[5] The provisions of our constitution which prohibit the legislature from passing a bill of attainder encompass within their terms a proscription of bills of pains and penalties.[6] "Punishment"–in the attainder context–means more than imprisonment, fine or a death sentence. It comprehends "a legislative decree of perpetual exclusion from a chosen vocation."[7]

By the terms of § 527(a)(3), Mrs. Seely was excluded from being licensed as a retail liquor dealer. The *legislative* sentence–perpetual and conclusive–affords her absolutely *no* opportunity for a *judicial* determination of her own fitness as a licensee.[8] While the XXIst Amendment to the Fed. Const. did indeed vest in the states broad powers to regulate traffic in alcoholic beverages,[9] it did not free our legislature from the state's own constitutional limitation upon the power to enact law. Art. 2 § 15, Okl.Con., which bans attainder, is a binding state–imposed limitation on permissible legislative action.

I would hold that the *per se* disqualification in § 527(a)(3), which made Mrs. Seely ineligible for a liquor license upon her spouse's felony conviction, violates our constitutional interdiction of legislative attainders.

actments but only with their meaning and validity." *Blackwell Zinc Company v. Parker,* Okl., 406 P.2d 965, 969 [1965].

4. *Application of Goodwin,* Okl., 597 P.2d 762, 764 [1979]; *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841 [1948].

5. *Cummings v. State of Missouri,* 4 Wall. 277, 323, 18 L.Ed. 356 [1866]; *United States v. Lovett,* 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 [1946]; *United States v. Brown,* 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed. 484 [1965].

6. *Cummings v. State of Missouri,* supra note 5.

7. *United States v. Lovett,* supra note 5, 66 S.Ct. at 1079; *United States v. Brown,* supra note 5, 85 S.Ct. at 1715; *Cooper v. Henslee,* 257 Ark. 963, 522 S.W.2d 391, 400 [1975].

8. *Putty v. U. S.,* 220 F.2d 473, 478 [9th Cir. 1955].

9. *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 [1972].