Esther E. HALEY, Appellant,

v.

OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD and Robert R. Lester, Director, Appellees.

No. 60063.

Court of Appeals of Oklahoma, Division No. 4.

Nov. 27, 1984.

Rehearing Denied Dec. 26, 1984.

Certiorari Denied March 5, 1985.

Released for Publication by Order of the Court of Appeals March 11, 1985.

Danny K. Shadid, Shadid & Shadid, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Lynn Barnett, Asst. Atty. Gen., Oklahoma City, for appellees.

De MIER, Judge.

This case involves an Applicant's attempt to obtain a retail package store license from the Alcoholic Beverage Control Board. The Board denied the application because the Applicant's spouse had an alcohol-related conviction which was contrary to 37 O.S.1981 § 527(4). The Board en banc affirmed. Upon judicial review to Oklahoma County District Court, the order of the Board en banc was affirmed. We reverse.

## FACTS

In 1982, Esther E. Haley (Applicant) made application for a retail package store license with the Oklahoma Alcoholic Beverage Control Board (Board). After investigation, Applicant was notified on May 17, 1982, by an enforcement officer for the Board of a contemplated denial of her application. The Board's investigation revealed Applicant's spouse, Gerald Turner Haley, had pleaded guilty in 1955 to the charge of illegal possession of intoxicating liquor in an Oklahoma County Court.

On May 27, 1982, an evidentiary hearing was held before the Director of the Board, Robert R. Lester, who denied Applicant a license. In his findings of fact, the Director indicated the guilty plea made by

Applicant's spouse to the illegal possession of intoxicating liquor charge was contrary to 37 O.S.1981 § 527(4), which states:

> The Board shall refuse to issue a wholesaler's, Class B wholesaler's or package store license either on an original application or a renewal application, if it has reasonable grounds to believe and finds any of the following to be true:
>
> .    .    .    .    .
>
> (4) That the applicant or any partner, or spouse of the applicant or any partner, has been convicted of a violation of any state or federal law relating to alcoholic beverages....

Upon appeal to the Board en banc, the Director's denial of Applicant's retail license application was upheld for the same reasons.

Applicant sought judicial review of the Board's final order by appealing to the District Court of Oklahoma County. Applicant premised her argument from facts presented at the hearing before Director Lester. The evidence showed Applicant's spouse had received a full pardon for his crime of illegal possession of intoxicating liquor from Oklahoma Governor George Nigh on September 18, 1980. Applicant alleged a full and free pardon removed all legal disabilities from a past offender and restored him to all his civil rights. In addition, Applicant maintained her due process and equal protection rights had been violated. She also alleged § 527(4) operates as a bill of attainder by punishing a class of persons without judicial process.

On June 28, 1982, the District Court granted Applicant a temporary injunction commanding the Board to issue her a license pending judicial review of the Board's order. After oral arguments, the District Court, on March 18, 1983, affirmed the Board en banc's ruling which denied Applicant a license. The temporary injunction was allowed to remain in full force and effect pending appeal to this court.

### LAW

The propositions as set forth by Applicant in this appeal are essentially the same

as those presented to the District Court. First, Applicant contends that a pardon restored her spouse to his civil rights and removed all legal disabilities against him. Second, the Board's refusal to grant Applicant a retail package store license amounted to unequal application of the law and violated her right of due process. Finally, the Board's application of § 527(4) constituted a bill of attainder.

### I

■ Applicant's first proposition fails to take into account the actual effect of a pardon. In *Stephens v. State ex rel. Goldsberry*, 111 Okla. 262, 239 P. 450 (1925), the Supreme Court of Oklahoma recognized a full pardon removed all legal disabilities and restored a wrongdoer to all his civil rights. However, more recent case law has interpreted the effect of a pardon to simply not "wipe the slate clean." *Stone v. Oklahoma Real Estate Commission*, 369 P.2d 642 (Okla.1962). The effect of his pardon cannot be used to circumvent the operative statute, 37 O.S.1981 § 527(4), which denies Applicant a license because of her husband's previous liquor offense.

In addressing the effect of a pardon upon the good reputation requirement for licensure as a real estate broker, the court in *Stone*, 369 P.2d at 646 (citations omitted), stated:

> "[S]ince as the very essence of a pardon is forgiveness or remission of penalty, a pardon implies guilt; it does not obliterate the fact of the commission of the crime, and the conviction thereof; according to the judicial decisions on the question it does not wash out the moral stain; as has been tersely said it involves forgiveness and not forgetfulness."

■ The 1980 pardon would restore all "rights of citizenship" to the Applicant's spouse. However, a liquor license is not considered to be an inherent or civil right, but rather it is a matter of legislative grace and may be extended, limited or denied without violating any constitutional right. *Brown Distributing Company v. Okla-*

*homa Alcoholic Beverage Control Board,* 597 P.2d 324, 326 (Okla.1979).

## II

Applicant's second proposition dealing with the unequal application of laws by the Board has no merit and will not be considered by this court.

## III

In her next proposition, Applicant contends the Board's denial of her license, based on her spouse's conviction, amounted to a violation of her due process rights. We disagree.

Applicant emphasized the majority opinion in the case of *Oklahoma Alcoholic Beverage Control Board v. Seely,* 621 P.2d 534 (Okla.1980), as support for her due process argument. We feel the majority opinion of the *Seely* case contains a factual distinction which prevents the application of its rather limited exception to the case at bar.

The *Seely* case involved the Board's denial of a liquor license to an Applicant whose spouse had been convicted of possession of a stolen vehicle. This conviction was contrary to 37 O.S.1981 § 527(3), which states:

The Board shall refuse to issue a wholesaler's, Class B wholesaler's or package store license either on an original application or a renewal application, if it has reasonable grounds to believe and finds any of the following to be true:

.    .    .    .    .

(3) That the applicant or any partner, or spouse of the applicant or any partner, has been convicted of a felony....

In affirming the District Court's reversal of the Board's ruling, the Oklahoma Supreme Court noted two distinguishing facts. First, the applicant in *Seely* had no knowledge of, or participation in, the crime for which her husband was convicted. Secondly, the applicant's husband had no input into the operation of her retail package store. Both factors lead to the conclusion that the legislative intent expressed in § 527(3) would not be frustrated by the

issuance of a license. *Seely,* 621 P.2d at 537–538.

In contrast, the fact which distinguishes *Seely* from the present case is the involvement of Applicant's husband in the management of the liquor store. The evidence before the Director established Applicant's spouse had received an employee's license from the Board and managed the same store for which Applicant sought a license. However, the record does not indicate whether Applicant's spouse would continue his involvement in the management of the business if Applicant was licensed.

■ Even though the testimony of Applicant clearly shows she had no knowledge or involvement in her husband's 1955 alcohol-related conviction, the limited exception in *Seely* would not apply because of the managerial involvement of Applicant's spouse in the liquor business which she sought. This is clearly in line with the legislative purpose of preventing liquor offenders from exerting any control or influence over the sale of alcoholic beverages.

## IV

■ In her final proposition, Applicant contends § 527(4) constitutes a bill of attainder. A bill of attainder is a legislative act which inflicts punishment without a judicial trial. *United States v. Lovett,* 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946). The U.S. Constitution, Art. 1, §§ 9 and 10, forbids Congress and the states to pass bills of attainder. Art. 2, § 15 of the Oklahoma Constitution also prohibits such legislative enactments.

■ The Supreme Court has held that a law is a bill of attainder if it punishes on the basis of some past actions. *American Communications Ass'n v. Douds,* 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925 (1950). With the focus on past actions, a bill of attainder exists if there is nothing that those persons affected by the law could ever do to change the result. *Douds,* 339 U.S. at 414, 70 S.Ct. at 692.

Granted, Applicant's spouse is not the one who sought to obtain a retail package store license, but it was his 1955 conviction which prevented Applicant from obtaining her license. It is clear the Board followed the letter of the law contained in § 527(4) to deny Applicant a liquor license solely because of her husband's past offense. By so doing, Applicant is being punished without the benefit of a determination of her own qualifications to hold a liquor license. The result of her husband's 1955 liquor violation is obviously one which Applicant could never change, and to her detriment she is severely affected by its application in § 527(4).

The Oklahoma Supreme Court, by way of a concurring opinion, addressed the bill of attainder issue in the *Seely* case. After concluding § 527(3) operated as a bill of attainder by excluding the *Seely* Applicant from a liquor license predicated solely on the past conviction of her spouse, the concurring opinion in *Seely*, 621 P.2d at 539 (citation omitted), stated:

> The legislative sentence—perpetual and conclusive—affords her absolutely no opportunity for a judicial determination of her own fitness as a licensee.

We hold § 527(4) is a constitutionally impermissible bill of attainder in violation of Art. 2, § 15 of the Oklahoma Constitution.

## CONCLUSION

We reverse the holding of the District Court for the reason that 37 O.S.1981 § 527(4) operates as a bill of attainder and remand to the District Court with instructions to order the Alcoholic Beverage Control Board to issue a retail package store license to the applicant in accordance with the above stated law.

STUBBLEFIELD, J., concurs.

BRIGHTMIRE, P.J., concurs in result.

BRIGHTMIRE, Presiding Judge, concurring in result.

I concur in the result of the court and I agree that § 527(4) as applied to an innocent spouse constitutes a constitutionally forbidden bill of attainder.

My departure from the majority is with regard to their perception of the effect of an unconditional gubernatorial pardon as applied to plaintiff's situation, and I also am of the opinion that the strict letter application of 37 O.S.1981 § 527(4) in denying plaintiff's application for a retail liquor license operated to make the statutory provision arbitrary, thus depriving her of equal protection of the laws.

With reference to her husband's pardon, the majority recognizes that the supreme court has for years taken the position that a full and complete pardon granted by the governor after a state conviction removes "all penalties and legal disabilities" and "obliterates, in legal contemplation, the offense itself." *Stephens v. State ex rel. Goldsberry*, 111 Okl. 262, 239 P. 450 (1925). In fact, the court not only reaffirmed the *Stephens* philosophy later on in *State ex rel. Cloud v. Election Board of State*, 169 Okl. 363, 36 P.2d 20 (1934), but amplified it through language used by the Supreme Court of the United States in *Ex parte Garland*, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1867), namely, that "A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense."

Implying, however, that the high court has since retreated from the fundamental doctrine of *Stephens* and *State ex rel. Cloud*, the majority quotes an obiter phrase used by the high court in the more recent case of *Stone v. Oklahoma Real Estate Commission*, 369 P.2d 642 (Okla. 1962), that "a pardon simply does not 'wipe the slate clean!'" In context this language was used in connection with an issue having to do with the "reputation" of a pardoned applicant for a real estate license—not one involving the imposition of a legal disability on the pardoned one. The per curiam opinion did not purport to overrule,

or even dilute, the court's earlier posture—indeed it did not even mention either *Stephens* or *State ex rel. Cloud.* The wiping the slate clean phraseology was used in a contextual setting featuring at least two significant facts: (1) the *Stone* pardon was not a full one and did not cover a 1923 felony conviction; (2) being a state pardon, it could not and did not pardon the applicant for a federal crime he was convicted of in 1937.

And while, as *Stone* says, a pardon implies guilt and does not obliterate the fact that a crime was committed, such observations do not diminish the legal effect of a pardon with respect to the forgiven person's civil rights, penalties and legal disabilities.

In this case, application of the letter of § 527(4) seems especially harsh, unjust and unreasonable under the admitted facts. The conviction of plaintiff's husband was in 1955 for the possession of intoxicating liquor—some nine years before plaintiff met and married him. The man thereafter maintained a clean record and was granted a full pardon by the governor in 1980.

More importantly, both plaintiff and her husband had been issued licenses to work in retail liquor stores by defendant ABC. Both had worked in one for many years. Defendant knew this. It also knew that the husband held the position of store manager. No evidence was presented that there was ever the slightest irregularity or impropriety in connection with his management of the retail liquor establishment.

Finally, in my opinion, refusing the innocent plaintiff a license on the basis of § 527(4) in effect deprives her of equal protection of the laws guaranteed by the federal constitution. And as to her husband, § 527(4), as well as Art. 27, § 10(c) of our state constitution, seems to me to have an ex post facto complexion forbidden by Art. 1, § 10 of the U.S. Constitution.

For all these reasons, I think the judgment should be reversed.