Eugene GOLDEN and Alvin
Hinkle, Petitioners,

v.

The OKFUSKEE COUNTY ELECTION
BOARD; Claud Evans, Chairman; Jua-
nita Cowans, Secretary; and Peggy
Wilson, Member, Respondent.

No. 66983.

Supreme Court of Oklahoma.

Aug. 4, 1986.

As Corrected Aug. 5, 1986.

Harold Heath, Daugherty & Heath, Hal-
denville, for petitioners.

James F. Deaton, Asst. Dist. Atty., Ol-
mulgee, for respondent.

### ORDER

HODGES, Acting Chief Justice.

Upon consideration of the applica-
tion of petitioners to assume original juris-
diction and the petition for writ of manda-
mus, together with briefs and oral argu-
ment in the above styled and captioned
cause, THE COURT FINDS:

1) The Application to Assume Original
Jurisdiction should be granted under
Okla. Const. art. 7, § 4 and the doctrine
of *publici juris*. *Box v. State Election
Board of Oklahoma*, 526 P.2d 936, 939
(Okl.1974).

2) Title 26 O.S.Supp.1986 § 5–105a is ap-
plicable in the instant case inasmuch as
Eugene Golden entered a plea of guilty
on May 17, 1984, to the crime of know-
ingly concealing stolen property, a felony
under the laws of the State of Oklahoma;
and Alvin Hinkle entered a plea of guilty
on March 21, 1984, to the crime of em-
bezzlement, a felony under the laws of
the State of Oklahoma.  It is provided by
§ 5–105a that a person who has entered
a plea of guilty to a misdemeanor involv-

ing embezzlement or felony under the laws of this state or of the United States is ineligible to be a candidate for or to be elected to any county office for a period of fifteen (15) years following completion of his sentence, absent a pardon.

3) Title 26 O.S.Supp.1986 § 5–105a is not unconstitutional as an ex post facto law as applied to petitioners. U.S. Const. art. I, § 10, cl. 1 and Okla. Const. art. 2, § 15. The statute does not impose additional punishment for a prior offense already punishable in some other manner. The primary purpose and effect of the statute is the establishment of qualifications for public officials rather than the punishment for criminal conduct. *Cf. De Veau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960); *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1397, 4 L.Ed.2d 1435 (1960); *Hawker v. New York,* 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898). The Oklahoma Legislature has authority to prescribe the qualifications of all candidates in all elections for county offices. Okla. Const. art. 3, § 3; *Stafford v. State Election Board,* 203 Okl. 132, 218 P.2d 617 (1950). Section 5–105a essentially provides for qualifications for candidates for public office ensuring that candidates possess high moral qualities. It is not designed to punish an offender. The loss of the right to candidacy which results from a plea of guilty to a felony is no part of the punishment for the offense, but rather is a collateral consequence not emanating from the offense, but affecting the offender by reason of the statutory provision alone. Accordingly, § 5–105a does not run afoul of the constitutional ban on ex post facto laws.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT that original jurisdiction be assumed and that the petition for writ of mandamus be, and is hereby, DENIED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, J., dissents.

OPALA, Justice, dissenting.

I would reinstate the petitioners' declaration of candidacy. The expungement orders in the petitioners' criminal cases constitute an "accrued right" under Art. 5 § 54, Okl. Const., and are hence protected from change by after-enacted legislation. The legal effect of a judgment, civil or criminal, must be determined by the law in force when judgment is rendered.[1]

There is another cogent constitutional ground for rejecting today's challenge to the petitioners' candidacy and for ordering their reinstatement on the ballot. Their legal disability to stand for election to a public office is claimed to be grounded in a *statute passed after* the criminal prosecutions against them *already had been concluded without adversely affecting their civil rights.* The disqualification sought to be imposed on them in the proceeding before us is not founded on *judgments* rendered in the criminal cases but on a *later-enacted statute,* 26 O.S.Supp.1986 § 5–105a, which is believed to alter the legal consequences of their previously expunged guilty pleas by attaching to them an attribute they clearly lacked under the law in force when the expungement orders came to be made—that of rendering a person ineligible for public office.[2] The disability-dealing provisions of the after-enacted statute are now invoked here to operate as the *petitioners' postexpungement resentencing by an act of the legislature* in plain violation of constitutional protection—both state and federal—against the passage of attainders.[3]

---

1. *Timmons v. Royal Globe Insurance Co.,* Okl., 713 P.2d 589, 594 [1985].

2. 26 O.S.Supp.1986 § 5–105a.

3. Art. 2 § 15, Okl. Const.; Art. 1 § 10, cl. 1, U.S. Const.; *Okl. Alcoholic Beverage Control Board v. Seely,* Okl., 621 P.2d 534, 538 [1980] (Opala, J., concurring in result) and *Haley v. Okl. Alcoholic Beverage Control Board,* Okl.App., 696 P.2d 1046, 1050 [1984].

The fundamental law's prohibition against attainders strikes at legislation that either pronounces *or changes* an individual's judgment and sentence. The expungement orders, by which the prosecutions against these petitioners came to be concluded, fall within the class of judicial dispositions protected against invasion by a bill of attainder. These orders *cannot be changed* by statute *to revitalize* an expunged plea of guilty—which is legally dead—and to make it the basis for disqualifying a person from holding a public office. A final order terminating a criminal case is subject neither to *direct legislative modification* nor to *oblique statutory imposition of terms that are different* from those pronounced by the court. In short, the terms of the expungement orders entered in petitioners' cases must remain unmodified by statute. The petitioners' pleas of guilty are *expunged and inefficacious.* The Attainder Clause protects these pleas from legislative resurrection.

I hence recede from the court's refusal to reinstate the petitioners as candidates for election to a public office.