Dear Representatives Guy Davis,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Do the provisions of 26 O.S. 5-105a (1987), which forbidcertain persons to be candidates for or elected to public officein the state, violate the terms of Article I, 10, cl. 1 of theUnited States Constitution or Article II, Section 15 of theOklahoma Constitution as comprising an unconstitutional bill ofattainder or ex post facto law?
¶ 1 The 1986 Legislature adopted into law a new provision designed to prevent certain persons from running for or holding elected public office in this state. Title 26 O.S. 5-105a
(1987) provides:
 A. A person who has been convicted of a misdemeanor involving embezzlement or a felony under the laws of this state or of the United States or who has entered a plea of guilty or nolo contendere to such misdemeanor involving embezzlement or felony or who has been convicted of a crime in another state which would have been a misdemeanor involving embezzlement or a felony under the laws of this state or has entered a plea of guilty or nolo contendere to such crime shall not be eligible to be a candidate for or to be elected to any state, county, municipal, judicial or school office or any other elective office of any political subdivision of this state for a period of fifteen (15) years following completion of his sentence or during the pendency of an appeal of such conviction or plea.
 B. The provisions of this section shall not be construed to preclude a person who has received a pardon from being eligible for or from holding public office.
¶ 2 You inquire whether this statute is an unconstitutional bill of attainder or ex post facto law under the terms of Article I, 10, cl. 1 of the United States Constitution and Article II, Section 15 of the Oklahoma Constitution. A bill of attainder essentially is a legislative act which imposes punishment without a judicial trial. Board of Regents of Oklahoma AgriculturalColleges v. Updegraff, 237 P.2d 131, 138 (Okla. 1951). An ex post facto law is one which provides for a punishment for an act which was innocent when committed. Id.
¶ 3 Your question as to whether this law constitutes an unconstitutional ex post facto law has been squarely answered by the Oklahoma Supreme Court in Golden v. Okfuskee County ElectionBd., 723 P.2d 982 (Okla. 1986). In ruling that 26 O.S. 5-105a
was valid, the Court stated:
 The statute does not impose additional punishment for a prior offense already punishable in some other manner. The primary purpose and effect of the statute is the establishment of qualifications for public officials rather than the punishment for criminal conduct. . . . 26 O.S. 5-105a essentially provides for qualifications for candidates for public office ensuring that candidates possess high moral qualities. It is not designed to punish an offender. The loss of the right to candidacy which results from a plea of guilty to a felony is no part of the punishment for the offense, but rather is a collateral consequence not emanating from the offense, but affecting the offender by reason of the statutory provision alone. Accordingly, 26 O.S. 5-105a does not run afoul of the constitutional ban on ex post facto laws.
723 P.2d at 983.
¶ 4 In Updegraff, supra, the Court looked at a state law that imposed the taking of a statutory loyalty oath as a requirement to taking office. The Court noted that the law in question was really one merely imposing a requirement to hold office, and did not itself impose any punishment on the person required to adhere to its terms. Updegraff, at 138. It was not, therefore, an unlawful bill of attainder, nor an ex post facto law. Id. The same rationale is applicable here as to the implication that 26O.S. 5-105a might be a bill of attainder. In Golden, the Court plainly ruled that the statute imposes no punishment itself, and is not an ex post facto law. It is also not a bill of attainder, under the same rationale.
¶ 5 It is, therefore, the official opinion of the AttorneyGeneral that 26 O.S. 5-105a (1987), is constitutional anddoes not represent a prohibited bill of attainder or ex postfacto law, as forbidden by Article I, 10, cl. 1 of theUnited States Constitution and Article II, Section 15 of the OklahomaConstitution.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION